UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MALACHI KILGORE-BEY, | Civil File No. 06-1346 (JRT/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| TERRILL FLORCYK, and<br>MICHELLE SMITH, | |
| Defendants. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's request for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this case be dismissed without prejudice.

Plaintiff, an inmate at the Minnesota Correctional Facility at Stillwater, Minnesota, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983. (Docket No. 1.) He did not pay the $250 filing fee required by 28 U.S.C. § 1914(a), but instead submitted the application to proceed IFP that is now before the Court.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA"). This means, inter alia, that he must pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

In this case, the initial partial filing fee that Plaintiff is required to pay under the formula prescribed by § 1915(b)(1) is $22.40. However, Plaintiff did not tender his

statutorily required initial partial filing fee with his complaint and IFP application. Therefore, by order dated April 10, 2006, (Docket No. 3), Plaintiff was directed to pay his initial partial filing fee of $22.40 within twenty days. The Court's order expressly advised Plaintiff that if he failed to pay the prescribed amount within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

The deadline by which Plaintiff was required to pay his initial partial filing fee has now passed, and Plaintiff has not tendered the payment due. Therefore, in accordance with the Court's prior order of April 10, 2006, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner action can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (federal court has inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

    2.  This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: May 17 , 2006

                                                    s/ Franklin L. Noel
                                                    FRANKLIN L. NOEL
                                                    United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 30, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.